

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

10-31-2005

# Engel v. Hendricks

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-1601

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"Engel v. Hendricks" (2005). *2005 Decisions.* Paper 316.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/316

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 04-1601

_____

WILLIAM ENGEL,

Appellant

v.

ROY L. HENDRICKS, SUPERINTENDENT
NEW JERSEY STATE PRISON;
JOHN FARMER, JR., THE ATTORNEY
GENERAL OF THE STATE OF NEW JERSEY

_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. No. 00-cv-03362)
District Judge:  Honorable Dennis M. Cavanaugh

_____

Submitted Under Third Circuit LAR 34.1(a)
October 27, 2005

Before:  SLOVITER, FISHER and GREENBERG, *Circuit Judges.*

(Filed:  October 31, 2005)

_____

OPINION OF THE COURT

_____

FISHER, *Circuit Judge*.

William Engel was convicted of murder and sentenced to life imprisonment by a New Jersey court in 1986. The judgment was affirmed on appeal, and the Supreme Court of New Jersey denied his request for review in 1991. Four years later, Engel filed a state application for post-conviction relief, which was denied as untimely. Undeterred, Engel then filed, in July 2000, a petition for writ of habeas corpus in the United States District Court for the District of New Jersey. The District Court denied the petition on the merits, but granted to Engel a certificate of appealability.

This appeal followed. We have jurisdiction under 28 U.S.C. §§ 1291 and 2253 and exercise plenary review over the decision of the District Court. *See Marshall v. Hendricks*, 307 F.3d 36, 50 (3d Cir. 2002). We will affirm on the ground that the petition was untimely.[1]

I.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1218, generally mandates that petitions for writ of habeas corpus be filed within one year after the conclusion of direct appellate review or, for judgments that became final before enactment of the AEDPA, on or before April 24, 1997. *Burns v.*

_____

[1]Respondents challenged the timeliness of Engel's petition before the District Court and have preserved the issue on appeal. *See Robinson v. Johnson*, 313 F.3d 128, 134 (3d Cir. 2002) (holding that habeas statute of limitations is an affirmative defense that may be waived).

*Morton*, 134 F.3d 109, 111 (3d Cir. 1998) (citing 28 U.S.C. § 2244(d)(1)(A)); *see also*

*Wilson v. Beard*, No. 04-2461, 2005 WL 2559716, at *8 & n.6 (3d Cir. Oct. 13, 2005);

*Douglas v. Horn*, 359 F.3d 257, 261-63 & n.5 (3d Cir. 2004).  The filing period is tolled,

however, "during [the time in] which a *properly filed* application for State

post-conviction or other collateral review with respect to the pertinent judgment or claim

is pending."  28 U.S.C. § 2244(d)(2) (emphasis added).  A "properly filed" application is

one that was accepted for filing by the appropriate court officer *and* was filed within the

time limits prescribed by the relevant jurisdiction.  *See Pace v. DiGuglielmo*, 125 S. Ct.

1807, 1814 (2005) (citing *Artuz v. Bennett*, 531 U.S. 4, 8 (2000)).

It is clear that Engel's application for post-conviction relief was not "properly

filed" under this standard.  Rule 3:22-12(a) of the New Jersey Rules of Court require such

applications to be filed within five years of the judgment at issue "unless . . . the delay

beyond said time was due to defendant's excusable neglect."  N.J. R. CT. R. 3:22-12(a).[2]

Engel filed his application more than nine years after the entry of judgment.  He offered

to the state court several justifications for this delay, including the "rigors of

interviewing . . . criminal defense attorneys" and the burden of "defending his assets . . .

---

[2]Unlike the AEDPA, the limitations period under Rule 3:22-12(a) commences upon the entry of the judgment at issue, not the conclusion of direct appellate review.  *See* N.J. R. CT. R. 3:22-12(a); *see also State v. Mitchell*, 601 A.2d 198, 203-04 (N.J. 1992) (discussing Rule 3:22-12(a)); *cf.* N.J. R. CT. R. 3:22-12(b) ("In cases in which the death penalty has been imposed, defendant's petition for post-conviction relief must be filed within thirty days of the denial of *certiorari* or other final action by the United States Supreme Court in respect of defendant's direct appeal.")

3

from execution by the victim's family." The state judge, after reviewing Engel's claims, rejected these explanations as insufficient to constitute "excusable neglect" under Rule 3:22-12(a) and held that the five-year filing period must be enforced. This conclusion is reasonable and well supported by New Jersey law. *See, e.g.*, *State v. Goodwin*, 803 A.2d 102, 108-10 (N.J. 2002); *State v. McQuaid*, 688 A.2d 584, 595 (N.J. 1997).[3]

Because the application for post-conviction relief was not "properly filed," it did not operate to toll the limitations period under the AEDPA. *See Pace*, 125 S. Ct. at 1814. The judgment of conviction and sentence against Engel became final before 1996; therefore, he was required to file his petition for writ of habeas corpus by April 24, 1997. *See Burns*, 134 F.3d at 111; *see also Wilson*, 2005 WL 2559716, at *8 & n.6; *Douglas*, 359 F.3d at 261-63 & n.5. He did not do so, however, until July 2000. The petition was thus untimely under the AEDPA.

We have recognized that, in "exceptional circumstances," principles of equitable tolling may warrant consideration of an otherwise untimely petition. These situations arise when the petitioner has "in some extraordinary way" been prevented from asserting his rights despite the exercise of reasonable diligence. *See Merritt v. Blaine*, 326 F.3d

---

[3]*Cf. Pace*, 125 S. Ct. at 1811-12 (holding that existence of exceptions to state timely filing requirements cannot render an otherwise late application "properly filed" if state court holds that exceptions do not apply); *Carey v. Saffold*, 536 U.S. 214, 226 (2002) (stating that, if state court ruled that petitioner's late application did not fall within an exception to the state timely filing requirements, "that would be the end of the matter, regardless of whether [the state court] also addressed the merits of the claim, or whether its timeliness ruling was 'entangled' with the merits").

157, 168 (3d Cir. 2003); *see also Pace*, 125 S. Ct. at 1814-15.  Engel offers no basis on which we could find such circumstances.  We will not devise a reason to justify equitable tolling when neither the petitioner nor the record suggests one.

II.

The petition for writ of habeas corpus must be dismissed as untimely.  We will affirm the order of the District Court on this basis.

5